IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GRETTA J. SEGERS,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| **MICHAEL J. ASTRUE,** | : | |
| **COMMISSIONER OF SOCIAL** | : | |
| **SECURITY,** | : | |
| Defendant | : | **NO. 07-2969** |

<u>MEMORANDUM</u>

GENE E.K. PRATTER, J.                                                                                                         JULY 21, 2009

Plaintiff Gretta J. Segers brings a motion for attorney's fees under the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412, which provides for the award of reasonable attorney's fees to a prevailing party other than the United States in, <u>inter alia</u>, social security appeals brought under 42 U.S.C. § 405(g). For the reasons set forth below, the Court denies Ms. Segers's motion for fees.

**I.      PROCEDURAL HISTORY**

Ms. Segers filed an application for Supplemental Security Income ("SSI") benefits on September 1, 2004, alleging disability as of of September 7, 2000. (R. 51.) She later changed the onset date to September 1, 2004. (R. 343.)

Ms. Segers's application for benefits was denied, (R. 37), and she was granted an administrative hearing. At this hearing, Ms. Segers, her sister, and a Vocational Expert ("VE") all testified before the Administrative Law Judge ("ALJ"). (R. 347-382.)

Following the hearing, the ALJ denied Ms. Segers's claim for disability benefits. (R. 11-

27.) The ALJ issued a decision finding that, absent her alcohol abuse/dependency,[1] Ms. Segers could perform unskilled medium exertional work that accommodated her need to avoid contact with the public, more than occasional contact with co-workers and supervisors, including her former work as a housekeeper and food service worker. (R. 25-26, Finding Nos. 6, 8.) The Appeals Council affirmed the ALJ's decision on May 25, 2007, making the ALJ's decision the final decision of the Commissioner.

On November 5, 2007, Ms. Segers filed a motion for summary judgment (request for review). In her summary judgment motion, Ms. Segers argued that the ALJ had committed several errors of law and that the ALJ's factual findings were not supported by substantial evidence. The Commissioner responded to this motion on December 4, 2007, highlighting evidence of Ms. Segers's functionality and activities during periods of sobriety. The Commissioner argued that the ALJ did not commit legal errors and substantial evidence supported the ALJ's determination that, absent alcohol use/abuse, Ms. Segers could perform simple unskilled work that she did in the past, including the jobs of housekeeper and food service worker.

The matter was referred to the Honorable Magistrate Judge Arnold C. Rapoport. Judge Rapoport, after considering Ms. Segers's Request for Review and the Commissioner's response, submitted a Report and Recommendation ("R&R") recommending that the ALJ's decision denying benefits be affirmed.

Ms. Segers objected to the R&R, and this Court conducted a review pursuant to 28

---

[1] The Social Security Act was amended in 1996 to exclude impairment from drug and alcohol abuse as a basis for entitlement to disability benefits and supplemental security income. See 42 U.S.C. §§ 423(d)(2)(C).

U.S.C. 636(b).  The Court approved and adopted the R&R and denied Ms. Segers's objections with respect to all alleged errors of law.  However, the Court rejected the Report and Recommendation with respect to the alleged evidentiary errors, remanding the matter to the Commissioner for further review to consider Ms. Segers functional limitations in the absence of alcohol use.  Specifically, the Court concluded that

> [f]indings Nos. 4-6 and 8-11 of the Administrative Law Judge ("ALJ") *may not* be supported by substantial evidence because the ALJ failed to consider or give proper weight to the (1) May 10, 2005 assessment of treating physician Dr. Ronald Serota, who opines as to the degree of severity of Plaintiff's functional limitations in the absence of alcohol use (R. 270); (2) November 9, 2004 assessment of treating therapist Kate L. Jones, who opines as to Plaintiff's inability to concentrate and complete work "sequentially or promptly,"Ó to cook for herself, to perform basic activities such as shopping alone, and to manage her finances (R. 61-66); and (3) totality of the evidence in the record with respect to Plaintiff's limitations in the absence of alcohol use.

Order of July 23, 2009 at 1, n.1 (Docket No. 15) (emphasis added).

Ms. Seger was awarded full benefits on remand.[2]  On October 17, 2008, Ms. Segers filed

---

[2] At the oral argument on this motion, Ms. Segers's counsel represented that full benefits had been awarded to Ms. Segers on remand.  Counsel for the Commissioner did not dispute this representation.  See Oral Argument Tr. at 10.

Ms. Segers's counsel did not indicate whether additional medical evidence had been submitted to contribute to this award.  See Oral Argument Tr. at 10.  Counsel for the Commissioner pointed out that the Social Security diagnosis code assigned to Ms. Segers was for schizophrenia, a mental impairment that Ms. Segers did not claim in the proceedings giving rise to this motion, which may suggest that additional evidence was presented concerning Ms. Segers's impairments.  See Oral Argument Tr. at 23.

The Court notes that any evidence that was not presented to the ALJ cannot be used to argue that the ALJ's decision was not supported by "substantial evidence," and accordingly, that the Commissioner's position with respect to that decision is not "substantially justified."  See Jones v. Sullivan, 954 F.2d 125, 128-29 (3d Cir. 1991) (citing United States v. Carlo Bianchi & Co., 373 U.S. 709, 715 (1963) ("a decision may be supported by substantial evidence even though it could be refuted by other evidence that was not presented to the decision-making body.")).

a motion for attorney fees under the EAJA, which the Commissioner opposes on the grounds that the Commissioner's position in this case was substantially justified. The Court held an oral argument on this motion on April 6, 2009.

## II.     LEGAL STANDARD

> The Equal Access to Justice Act provides,
> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United states was substantially justified or that special circumstances make an award unjust.

28 U.S.C. 2412(d)(1)(A). The parties do not dispute that Ms. Segers is a "prevailing party" under the EAJA. See Shalala v. Schaefer, 509 U.S. 292, 301-02 (1993) (social security/disability claimant can obtain EAJA attorney fee award for achieving remand of case to Commissioner). Also, the Commissioner does not argue that there are any "special circumstances" that would "make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Therefore, the Court turns to the question of whether the Commissioner's position was "substantially justified" so as to preclude an award of fees.

> The Supreme Court has defined "substantially justified" as
>
> ...not justified to a high degree but rather justified in substance or in the main - that is, justified to a degree that could satisfy a reasonable person. That is no different from the "reasonable basis both in law and fact" formulation adopted by the Ninth Circuit and the vast majority of the of other Courts of Appeals that have addressed this issue. To be "substantially justified" means, of course, more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which a reasonable person would approve.

Pierce v. Underwood, 487 U.S. 552, 565-66 (1988) (internal quotations and citations omitted). Much has been said of the contours of "substantial justification," which is in principle "a middle ground between an automatic award of fees to a prevailing party and an award made only when

4

the government's position was frivolous." Washington v. Heckler, 756 F.2d 959, 961 (3d Cir. 1985) (internal quotations omitted). "Determining whether the government's position is substantially justified for the resolution of an EAJA claim has proved to be an issue of considerable conceptual and practical difficulty." Morgan v. Perry, 142 F.3d 670, 685 (3d Cir. 1998) (internal quotations omitted). The government's "position" includes both the position taken in the litigation and the position that made the litigation necessary in the first place. Washington, 756 F.2d at 961 (internal citations omitted).

"A position can be justified even though it is not correct, and . . . can be substantially (i.e. for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Pierce, 487 U.S. at 566 n.2. See also Ruiz v. Comm'r of Soc. Sec., 262 Fed. App'x 379, 380-81 (3d Cir. 2008) (non-precedential); Morgan 142 F.3d at 684. The Commissioner bears the burden of establishing that there was "substantial justification" for its position. Morgan 142 F.3d at 684. In order to meet this burden, the Commissioner must show: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced. Id. (internal citations omitted).

"If the case turns on a question of law, the government can show that its position was substantially justified even if its legal argument is ultimately rejected, if it can show that the question was close or unsettled." Corona v. Barnhart, 431 F. Supp. 2d 506, 511 (E.D. Pa. 2006) (citing Edge v. Schweiker, 814 F.2d 125, 128 (3d Cir. 1987)). However, "[w]hen the government's legal position clearly offends established precedent . . . its position cannot be said to be substantially justified." Washington, 756 F.2d at 961-62 (internal quotations omitted).

Neither the Supreme Court nor the Third Circuit Court of Appeals has outlined the correct

focus or level of generality for deciding whether the Commissioner's position was "substantially justified," and other courts have set forth differing approaches. Some courts focus on whether the Commissioner's position was substantially justified in the case as a whole, while others focus only on the issues on which the remand was based and the plaintiff prevailed. See Williams v. Astrue, 595 F. Supp. 2d 582, 585-86 (E.D. Pa. 2009) (comparing the approaches of different courts); Corona, 431 F. Supp. 2d at 512-13 (E.D. Pa. 2006) (same). Guided by the reasoned approaches of other courts in the Eastern District of Pennsylvania, as well as by those of the Fourth and Seventh Circuits, this Court will adopt a "totality of the circumstances" method of analysis that examines the entirety of the government's position in litigation when determining substantial justification. See Roanoke River Basin Assoc. v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993); Jackson v. Chater, 94 F.3d 274, 278 (7th Cir. 1996); Williams, 595 F. Supp. 2d at 586; Corona, 431 F. Supp. 2d at 514.

### III. DISCUSSION

"Obviously, the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified. Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose." Pierce, 487 U.S. at 569. Accordingly, the mere fact that Judge Rapoport recommended that the ALJ's decision be affirmed, agreeing with the Commissioner that Ms. Segers was not entitled to any benefits, does not establish that the Commissioner's position was "substantially justified." Likewise, the fact that this Court remanded the case to the Commissioner on certain evidentiary findings related to Ms. Seger's alcohol use does establish that the Commissioner's position lacked substantial justification. The views of these judges are not dispositive, though they may be indicative of whether the

Commissioner's position was "substantially justified." See id. (views of other courts on the merits of a case are relevant as "objective indicia" of whether the government's position was substantially justified); Corona 431 F. Supp. 2d at 512 (in the context of determining whether the Commissioner's position was "substantially justified," noting that the views of other judges "serve as a starting point rather than an end to the inquiry").

Ms Segers argues that she is entitled to attorney's fees because she is a "prevailing party" and the Commissioner's position was not substantially justified. She contends that the ALJ did not properly apply the law when evaluating Ms. Segers's alcohol abuse; did not give sufficient weight to the opinion of Dr. Serota; erred in his credibility analysis; and erred by posing deficient hypothetical questions to the vocational expert, and that the Commissioner's position on these issues did not have a reasonable basis in fact and in law. The Commissioner responds that the ALJ was reasonable on all of these issues, and that the Commissioner's position on them was substantially justified.

The ALJ did not specifically cite 20 C.F.R. § 416.935 or discuss its requirements regarding his drug and alcohol analysis. That said, he meaningfully analyzed Ms. Segers's mental limitations, both with and without her alcohol abuse. He then made a reasonable determination that Ms. Segers, when drinking, demonstrated a "marked" degree of limitation in her functional abilities, but when sober, demonstrated no more than a "moderate" degree of limitation in the activities of daily living. The ALJ's analysis ultimately may have been flawed, such that Ms. Segers's mental limitations may have been "marked" even in the absence of drinking[3]; nevertheless, the analysis was reasonable and the Commissioner's position with respect

---

[3] This conclusion may be supported by Ms. Segers's award of full benefits on remand.

to this issue was substantially justified.

Additionally, the Commissioner was substantially justified in defending the ALJ's decision to accord limited weight to Dr. Serota's opinion regarding Ms. Segers's "marked" limitations while sober. (Tr. 270.) Dr. Serota's opinion was contradicted by Dr. Serota's "moderate" Global Assessment of Functioning ("GAF") scores[4] for Ms. Segers, as well as Ms. Segers's own testimony as to her activities when sober (R. 21-24, 271-86, 357-59.) See also Oral Argument Tr. at 20. The ALJ reasonably noted that Dr. Serota appeared to have based his assessments primarily upon Ms. Segers's assertions and complaints; that Dr. Serota failed to cite any specific occasions that establish Ms. Segers's inability to perform activities of daily living, any specific instances describing Ms. Segers's inability to interact with other people or any specific occurrences of an example of Ms. Segers's poor attention or concentration. (R. 23.) The ALJ further noted that Dr. Serota's assessment of Ms. Segers's limitations was inconsistent with his progress notes that showed that Ms. Seger's treatment regimen was conservative, routine, and

---

[4]As this Court explained in Thompson v. Astrue, No. 05-395, 2006 U.S. Dist. LEXIS 11053, at * 18, n. 4 (E.D. Pa. Mar. 15, 2006),
  Psychiatrists and Psychologists classify mental disorders along a diagnostic system consisting of five axes. American Psychiatric Association, The Diagnostic Manual of Mental Disorders, (DSM-IV) 32 (4th ed. 1994). The GAF rating scale, the fifth axis to assess how well the individual is able to function in her environment, considers psychological, social, and occupational functioning on a continuum of mental health to mental illness. A GAF score varies from 0-100 according to the severity of the mental illness. An individual with a score ranging between 0-10 is deemed to be a persistent danger of hurting herself and cannot maintain standard of self-care, while an individual with a score from 91-100 is deemed to be happy, healthy and content. A score of 41-50 indicates serious symptoms (suicidal ideation but low risk) and a serious impairment in one analyzed area. A score of 51-60 indicates the individual suffers from moderate symptoms in most analyzed areas. An individual with a score between 61-70 suffers mild symptoms and is able to function with some problems in relationships and work.
 (internal citations omitted). The Court notes that, during oral argument on Ms. Segers's motion for fees, counsel for the Commissioner stated that there is "not a big difference" between "moderate" and "marked" impairment; this statement was not disputed by Ms. Segers's counsel. Oral Argument Tr. at 19.

non-aggressive in nature, and primarily related to her alcohol abuse impairment rather than her impairments of depression and panic disorder.  (Id.)

The ALJ observed that Dr. Serota's opinion regarding Ms. Segers's level of functioning was contradicted by the opinion of Dr. John Chiampi, a medical consultant trained in the evaluation of medical factors related to the issue of disability.  (R. 24, 213-30.)  Under the circumstances of this case, where ample evidence suggested that it was reasonable for the ALJ to give the opinion of Dr. Chiampi greater weight than the opinion of Dr. Serota, and reject Dr. Serota's ultimate determination of Ms. Segers's limitations when sober.  The Commissioner was substantially justified in advocating and supporting this decision.  See Jones v. Sullivan, 954 F.2d 125, 128-29 (3d Cir. 1991) (upholding ALJ's rejection of treating physician's opinion and reliance upon state agency consultant's contradictory opinion).

Considering the record as a whole, there is ample evidence that when Ms. Segers experiences periods of sobriety, her mental status exams improve.  See Oral Argument Tr. at 21.  The fact that the Court remanded the case and directed the ALJ to take another look at the evidence of plaintiff's limitations in the absence of alcohol use - specifically the May 10, 2005 assessment of Dr. Serota and the November 9, 2004 assessment of treating therapist Kate L. Jones – does not mean that the ALJ acted unreasonably or that his decision was not supported by "substantial evidence."  Rather, the Court simply wished to "flesh out" the alcohol issue, having determined that some of the ALJ's findings "may not" be supported by substantial evidence.  See Oral Argument Tr. at 8, 10, 35.[5]  Similarly, the fact that Ms. Segers was ultimately awarded

---

[5] Indeed, the Court's difficulty in determining whether the ALJ's evidentiary findings were adequately supported lends further support to the idea that the issues in this case were close, and the Commissioner's position was "substantially justified."

benefits on remand does not establish that the ALJ's decision denying benefits was not supported by substantial evidence, or that the Commissioner's position was not substantially justified. See Oral Argument Tr. at 23-24.

For similar reasons, the ALJ's credibility analysis was reasonable and the Commissioner's position on this point was substantially justified. The ALJ examined Ms. Segers's subjective complaints and alleged functional limitations, contrasting them with other evidence regarding her daily living activities (shopping, attending religious services, socializing, living independently, and handling finances), her lack of hospitalizations for emotional crises, her moderate GAF scores and treatment notes, her use of only over-the-counter pain medication and routine medical visits. (R. 21-24.) See also Oral Argument Tr. at 20. Given the apparent inconsistencies, the ALJ's finding that Ms. Segers was not totally credible was reasonable, and the Commissioner's defense thereof was substantially justified.[6]

Finally, the ALJ's hypothetical questions to the vocational expert were reasonable even though they did not include the "marked" limitations assessed by Dr. Serota in his checkbox form. The Third Circuit Court of Appeals has stated that "while the ALJ may proffer a variety of assumptions to the expert, the vocational expert's testimony concerning a claimant's ability to perform alternative employment may only be considered for purposes of determining disability if the question accurately portrays the claimant's individual physical and mental impairments." Burns v. Barnhart, 312 F.3d 113, 123 (3d Cir. 2002) (internal quotations omitted). However, here

---

[6] The Court notes that an ALJ's findings on credibility is normally accorded great weight and deference. See Atl. Limousine, Inc. v. NLRB, 243 F.3d 711, 718 (3d Cir. 2001); Irelan v. Barnhart, 243 F. Supp. 2d 268, 284, aff'd, No. 03-1908, 2003 U.S. App. LEXIS 24444 (3d Cir. 2003) (internal citations omitted). See also Bieber v. Dept. of the Army, 287 F.3d 1358, 1364 (Fed. Cir. 2002); Pope v. U.S. Postal Service, 114 F.3d 1144, 1149 (Fed. Cir. 1997).

the ALJ *reasonably* discounted Dr. Serota's assessment of Ms. Segers's limitations while sober, and therefore did not incorporate it in the hypothetical question to the vocational expert. (See R. 25.) Accordingly, the Commissioner's position on this issue was substantially justified.

Applying a "totality of the circumstances" approach, it is clear that the Commissioner had (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory it propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced. See Morgan 142 F.3d at 684. Accordingly, the Court is satisfied that the ALJ acted reasonably and the Commissioner's position was substantially justified, and the Court denies Ms. Segers's motion for attorney's fees.

BY THE COURT:


S/Gene E.K. Pratter
GENE E. K. PRATTER
UNITED STATES DISTRICT JUDGE